WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THERESA BROOKE,<br><br>                        Plaintiff,<br><br>vs.<br><br>APACHE HOSPITALITY, L.L.C, an Arizona Limited Liability Company, d/b/a Motel 6,<br><br>                        Defendant. | No. 2:15-cv-1296-HRH |

O R D E R

Motion to Dismiss

Defendant has filed a combined motion to dismiss for lack of jurisdiction, for failure to state a claim, and for a more definite statement.[1]  Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(e).  The motion is opposed.  Oral argument has not been requested and is not deemed necessary.

Plaintiff's verified complaint is founded upon Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and Arizona Revised Statutes, Title 41,

---

[1]Docket No. 11.

Chapter 9, Article 8, §§ 41-1492, et seq. Plaintiff alleges that she is disabled because she is confined to a wheelchair. She alleges that defendant operates a public accommodation that is not fully accessible to disabled persons.[2]

Pertinent to the pending motion to dismiss, plaintiff further alleges the following.

(1)  Plaintiff contacted defendant's hotel on July 8, 2015, for purposes of booking a room, inquired whether defendant's pool or Jacuzzi had a lift or other means of access for disabled persons, and was told that the hotel pool and Jacuzzi did not have such a lift. Plaintiff further alleges that an independent investigation verified the lack of pool lifts.[3]

(2)  Plaintiff alleges that based upon "personal knowledge of at least one barrier related to her disability, that is, the pool is inaccessible to her by virtue of her confinement to a wheel chair, [she] is currently deterred from visiting Defendant's accommodation by this accessibility barrier."[4] Plaintiff alleges that "she has suffered an injury-in-fact" by reason of the foregoing.[5]

(3)  Plaintiff alleges that she intends to travel to the Phoenix area "in the future, for business, pleasure or medical treatment."[6]

---

[2]Verified Complaint at 2, Docket No. 1.

[3]Id. at 4-5.

[4]Id. at 5.

[5]Id.

[6]Id.

    (4)    Plaintiff alleges that "[t]he existence of barriers to use the pool at Defendant's hotel deterred Plaintiff from staying or returning to seek accommodations at Defendant's hotel."[7]

    (5)    Plaintiff alleges that she is "injured by Defendant's discriminatory practices and failure to remove architectural barriers." The injury is alleged to "include being deterred from using Defendant's facilities due to the inaccessibility of Defendant's pool[.]"[8]

## Introduction

By way of introduction to its motion to dismiss, defendant points out that plaintiff has filed multiple, "generic" lawsuits. Defendant alleges that plaintiff is "targeting" mom-and-pop businesses that cannot afford to defend claims such as that brought here.

Plaintiff is the potential victim here, not the defendant. The fact that plaintiff has filed multiple suits (in excess of 50 at last count) is not relevant to the instant motion. "For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1062 (9th Cir. 2007).

## Standing

Defendant contends that this court is without jurisdiction because plaintiff lacks standing. In order to establish standing, plaintiff must have suffered a concrete, actual injury (injury-in-fact) that is fairly traceable to the alleged injury (causation) and that the injury will likely be favorably redressed through the litigation (redressability). Lujan v.

---

[7] Id.

[8] Id. at 6.

Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). In a case also initiated by Ms. Brooke, Judge Snow of this court addressed the sufficiency of a complaint very similar to that brought in this case. Judge Snow addressed the standing issue which defendant raises here, holding:

> When a disabled individual encounters or becomes aware of alleged ADA violations that deter her patronage of or otherwise interfere with her access to a place of public accommodation, she has suffered an injury in fact traceable to defendant's conduct and capable of Court redress....
>
> To meet the "real and immediate threat of repeated injury" requirement for injunctive relief, a plaintiff who has suffered injury-in-fact can demonstrate either that: (1) "he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier;" or (2) "discriminatory architectural barriers deter him from returning to a noncompliant accommodation."

Brooke v. Joie de Vivre Hospitality, LLC, No. 2:15-cv-00281. See Order (May 20, 2015), Docket No. 11 at 3-4 (quoting Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 950 (9th Cir. 2011)). Here, as well as in Joie de Vivre, plaintiff has not alleged that she personally experienced an accessibility barrier at defendant's accommodation. As to this, Judge Snow held in Joie de Vivre:

> although Plaintiff has not stayed at Defendant's hotel, Plaintiff pleads that she independently verified the absence of a compliant pool lift at the hotel, and that she would consider staying at the hotel if the ADA violations were remedied. An ADA plaintiff who alleges that she has visited a public accommodation on a prior occasion or has personal knowledge of at least one barrier related to her disability and is currently deterred from visiting that accommodation by accessibility barriers has suffered an injury-in-fact for the purpose of Article III [of the ADA].

Joie de Vivre, Order at 5 (citing Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1043-44 (9th Cir. 2008) (emphasis added).

In <u>Joie de Vivre</u>, Judge Snow held that plaintiff had failed to allege that the absence of a pool lift was related to her disability and that plaintiff had failed to allege any likelihood of her staying at defendant's hotel even if the facilities were made accessible.  In her verified complaint in this case, plaintiff has taken Judge Snow's ruling to heart and, as set out above, has alleged personal knowledge of a barrier related to her disability which currently deters her from visiting defendant's premises.  Likewise, plaintiff has in this case addressed the "real and immediate threat of repeated injury" aspect of Judge Snow's ruling.  Plaintiff alleges that she intends traveling to the Phoenix area for business, pleasure, or medical treatment, and that the existence of barriers to use of defendant's pools will deter her from staying at defendant's hotel.

The court finds that plaintiff has met the requirements of the first (injury-in-fact) and second (causation) elements necessary to establish Article III standing to sue.  The court takes up the third element (redressability) in what follows with respect to defendant's mootness argument.

<u>Mootness</u>

In her verified complaint, plaintiff alleges that she contacted defendant's hotel (presumably by telephone or computer) for purposes of booking a room.  She learned that defendant's accommodation had both a pool and a Jacuzzi.  She was advised that neither was equipped with a pool lift.  Plaintiff alleges that the absence of pool lifts was verified independently.  Going outside the four corners of plaintiff's complaint for purposes of addressing both the redressability element for standing and the defendant's mootness argument, in a declaration submitted by the defendant it is represented that on or about June 30, 2015 (approximately two weeks prior to the filing of plaintiff's complaint), defendant ordered pool lifts for its accommodation and that the lifts were delivered

July 30, 2015[9] some two weeks after the filing of plaintiff's complaint.  Defendant alleges that the pool lifts were "scheduled for installation immediately thereafter."[10]

Defendant's above representations are a further verification that, from at least June 30 through July 30, 2015, the pools at defendant's premises were not equipped with a lift that would accommodate a wheelchair bound individual such as plaintiff.  But defendant's declaration also represents that between June 30, 2015, and until ADA compliant pool lifts were installed, "the pool and the immediately surrounding area [was] closed for maintenance."[11]  On the subject of the pool closure, plaintiff has submitted with its response to defendant's motion the declaration of Danielle Jones, who states that on July 10, 2015:  "I visually observed the pool and the Jacuzzi of Defendant's hotel.  I did not observe a pool lift for either the pool or the Jacuzzi.  I further visually observed the fencing around the pool.  I did not observe any signage indicating that the pool was closed.  Had there been such signage, I would have observed it."[12]  With respect to

---

[9]Motion to Dismiss, Declaration of Dipesh Patel, page 3 of 8, ¶ 4, Docket No. 11-2.  Plaintiff's inquiry about defendant's accommodations was made July 8, 2015 (Complaint at 4-5, ¶ 22, Docket No. 1) – after defendant had ordered the lifts, but before they were delivered to defendant.  Defendant has come forward with evidence that Econolodge - Phoenix ordered pool lifts prior to the day defendant was contacted by plaintiff about accommodations and, therefore, before plaintiff's complaint was filed.  Econolodge - Phoenix was sued by plaintiff for the same alleged ADA violation on June 23, 2015.  See Brooke v. Airport Hotel LLC, No. 2:15-cv-01149.  Both defendant Econolodge - Phoenix and defendant here have submitted the same Pacific Lodging Supply invoice for eight pool lifts in support of their respective motions to dismiss.  Plainly, plaintiff's suit against Econolodge - Phoenix alerted the managers of both hotels that they had an ADA problems.

[10]Motion to Dismiss, Declaration of Dipesh Patel, page 3 of 8, ¶ 4, Docket No. 11-2.

[11]Id., Declaration of Dipesh Patel, page 3 of 8, ¶ 6.

[12]Plaintiff's Opposition to Motion to Dismiss, Declaration of Danielle Jones, page 2 of 7, ¶¶ 6-7, Docket No. 12-1.

defendant's allegation that it had ordered pool lifts on June 30, plaintiff observes that defendant's Exhibit B-1[13] shows that an entity called "Econolodge - Phoenix" ordered eight pool lifts on June 30, 2015. The defendant in this case is Apache Hospitality, LLC, d/b/a Motel 6. With its reply, defendant submits a second declaration which represents that the Econolodge in question and defendant are "under common management" and that two of the eight pool lifts ordered by Econolodge were "scheduled for installation immediately thereafter at Defendant's motel."[14] Finally, defendant's declaration[15] includes a conclusory statement that the pool lifts which were ordered for defendant are ADA compliant.

Looking only at plaintiff's verified complaint, plaintiff's injury-in-fact was plainly redressable as of the date the complaint was filed. An injunction requiring installation of pool lifts at defendant's accommodation would cure the injury. The facts, some of which could not have been known by plaintiff (that is, the ordering of pool lifts) may or may not have rendered plaintiff's complaint moot. Defendant's representations that pool lifts were delivered July 30 "for installation immediately" is a bit equivocal as to whether ADA compliant lifts on both defendant's pool and Jacuzzi have in fact been installed.[16] The parties dispute the matter of whether or not defendant's pool and Jacuzzi were closed for maintenance between June 30 and July 30 or some subsequent date when lifts were

---

[13] Docket No. 11-2, page 5 of 8.

[14] Apache Reply, Second Declaration of Dipesh Patel, page 3 of 5, ¶ 4, Docket No. 14-1.

[15] Motion to Dismiss, Declaration of Dipesh Patel, page 3 of 8, ¶ 7, Docket No. 11-2.

[16] In a late-filed declaration, defendant represents that pool lifts have been installed. Docket No. 15.

installed.  The court has no concrete evidence that the pool lifts ordered by defendant are in fact ADA compliant.  These factual conflicts and uncertainties cannot be resolved on motion to dismiss.  The court is unconvinced that plaintiff's complaint is moot.  Plaintiff has standing to sue.  Her complaint states a redressable claim for injunctive relief based upon Title III of the ADA.

Defendant's motion to dismiss based upon Rule 12(b)(1) and (b)(6) is denied.

### Jurisdiction of State Law Claims

Defendant would have the court refuse jurisdiction of state law matters if plaintiff's federal claim is dismissed.  Because the court declines to dismiss plaintiff's federal claim, it also declines to dismiss plaintiff's state law claim.

### Failure to State a Claim

Defendant contends that plaintiff's complaint lacks the requisite specificity or particularity required by Rule 8, Federal Rules of Civil Procedure.  The court disagrees.  Plaintiff's verified complaint contains a "short and plain statement of the claim showing that the pleader is entitled to relief such that the defendant has fair notice of what the [plaintiff's] claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  Plaintiff's complaint meets this standard.  Plaintiff's complaint does not fail to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570)).

### More Definite Statement

In the alternative, defendant seeks a more definite statement of plaintiff's complaint. Fed. R. Civ. P. 12(e).  When a plaintiff's complaint "is so vague or ambiguous that the party cannot reasonably prepare a response," a motion for a more

definite statement is appropriately granted.  The allegations of plaintiff's complaint are neither vague nor ambiguous.  Indeed, it is very clear from defendant's motion to dismiss that defendant very well understands what this case is about.

## Conclusion

The motion to dismiss pursuant to Rule 12(b)(1), 12(b)(6), and 12(e) is denied.

DATED at Anchorage, Alaska, this   10th   day of September, 2015.

/s/ H. Russel Holland
United States District Judge